## ABBOTT & KNISELY v. DOWNER.

1. **Attorney's Fees:** ALLOWANCE OF: TRUSTEE. Where the defendant was charged by a decree of court with the collection of certain policies of insurance, for the benefit of lienholders upon the insured property, it was held that he was authorized to place the matter at once in the hands of competent attorneys, and was properly allowed a reasonable amount paid for their services, although the insurance was paid without litigation.

*Appeal from Marshall District Court.*

FRIDAY, OCTOBER 22.

IN November, 1874, a decree was rendered in a certain cause wherein H. H. Spafford was plaintiff, and Charles Williams, C. Lamb & Son., O. W. Cunningham, A. Legg, Abbott & Knisely and Cutler Downer were defendants. In this decree it was found that H. H. Spafford was entitled to the first lien upon certain mortgaged premises, for the sum of $5,192.35; that Cutler Downer was entitled to the second lien upon said premises, for $9,192.24; that after the payment of said sums the following liens attach to said premises in the following order: *First.* The mechanic's lien of C. Lamb & Son, for $883.67. *Second.* The mechanic's lien of D. W. Cunningham, for $445.73. *Third.* The mechanic's lien of A. Legg, for $465.25. *Fourth.* The mechanic's lien of Abbott & Knisely, these plaintiffs, for $364.89.

The decree contains the following provisions:

"That the defendant Cutler Downer may pay off all the liens aforesaid within forty days from this date, and by so doing said title shall be perfected in him, and execution is stayed forty days in order to allow said Downer to make such election if he chooses. And it having been found and decreed that said Cutler Downer have a first and prior lien upon said premises, for the amount of the insurance premium paid out by him (except as to plaintiff Spafford), for insurance on said

premises, it is further ordered, adjudged and decreed, that said Downer may proceed to collect the amounts of insurance due, or to become due (the buildings on said premises having been burned), and having collected said amounts of money shall account for the same to the amount of the aggregate of the above specified liens, to be disposed of in conformity to the provisions of this decree, and applied in payment of the respective liens in the order above specified, to and for the use of the respective holders of said liens; *provided*, that said Downer shall not be obliged to bring into court, or account for, a sum greater than the aggregate amount of said liens."

There were three policies of insurance upon the premises burned. One in the Hartford Insurance Company for $5,000, one in the Phœnix for $2,500, and one in the International for $4,800. The petition alleges that the defendant has collected upon these policies enough to pay off all the liens upon the premises, including that of the plaintiffs, and that defendant has failed and refused to account for the amount collected.

The defendant answered alleging that he had paid out in reasonable attorney's fees and necessary expenses, in collecting said insurance, $615, and that he had realized thereon only the sum of $11,695. He attached to his answer an itemized statement of his accounts, showing that his disbursements were greater to the extent of $243.76 than the sums realized, and that there was nothing in his hands to apply on plaintiff's lien. The cause was referred to B. L. Burnett, Esq. The referee found that the defendant was entitled to the sum of $40, paid attorneys for making up proofs of loss on the three policies, and to the further sum of $200, fees on suit against the International Insurance Company, but that he should not be allowed the sums of $250 and $125, paid attorneys for collecting the insurance money of the Hartford and Phœnix companies, as there was no necessity for placing these policies in the hands of attorneys.

The referee recommended that judgment be rendered in favor of plaintiff for $212.81. The defendant moved the court

Abbott & Knisely v. Downer.

to set aside the report of the referee. The plaintiff moved the court that the report of the referee be confirmed. The court sustained the defendant's motion, set the report of the referee aside, and rendered judgment in favor of the defendant for costs. The plaintiffs appeal.

*Henderson, Merriman & Carney,* for appellants.

*Brown & Binford,* for appellee.

DAY, J.—The defendant was under obligation to account only for the sum realized upon these insurance policies, after deducting the reasonable and necessary expenses of collection. It seems that no suit was instituted except against the International Insurance Company. But the defendant. was not bound to know that the policies would be paid without suit. He had the right at the very inception of his claim to place the matter in the hands of competent attorneys, to the end that the proper steps might be taken from the beginning to conduct a successful litigation, if litigation should become necessary. In fact it appears. in this case that the agent of the companies at first refused to pay the policies, unless the defendant would take eighty cents on the dollar. It cannot be determined that the defendant would ever have collected the full face of the policies, if he had not obtained the assistance of skilled counsel. As the defendant had the right to employ counsel, the only question which remains for determination is as to the reasonableness of the compensation paid. The amount paid, being five per cent upon the whole sum collected, appears to us to be very large for the service rendered. But this is a matter which must be determined from the testimony, and not upon our own notions as to what is proper under the circumstances. The abstract purports to contain all the testimony introduced upon this question.

There is positive evidence that the amount paid is reasonable, and no evidence to the contrary. If, therefore, an

*1. ATTORNEY'S fees: allowance of : trustees.*

injustice has been done the plaintiffs, it results from the condition of the testimony, which furnishes us no basis for disturbing the judgment of the court.

AFFIRMED.